# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1628 | **DATE** | September 18, 2003 |
| **CASE TITLE** | *Hayes v. L&L Enterprises, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court GRANTS Defendant L&L Enterprises, Inc's Motion to Transfer [6-1,6-2] and orders that this action be transferred to the United States District Court for the Southern District of Illinois. It is so ordered.

(11) ☑ [For further detail see order *attached to* the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | SEP 2 3 2003 number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | SEP 2 3 2003 date docketed | |
| | Notified counsel by telephone. | | | 95 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAWN HAYES, Special Administrator )
of the Estate of CHRISTOPHER HAYES, )
Deceased, )
)
    Plaintiff, ) Hon. Blanche M. Manning
)
v. ) Case No. 03 C 1628
)
L & L ENTERPRISES, INC. )
)
    Defendant. )

FILED SEP 2 3 2003

## MEMORANDUM AND ORDER

Plaintiff Dawn Hayes brought this diversity action against Defendant L & L Enterprises, Inc. ("L&L") alleging wrongful death, strict liability, and negligence. The instant matter comes before the Court on L&L's Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motion is GRANTED.

## BACKGROUND

Hayes originally filed this action against Defendant Bass Pro Outdoors World, L.L.C., and L&L in Cook County Circuit Court in November of 2002. The case was then transferred to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Bass Pro brought the present Motion to Transfer Venue to the Southern District of Illinois. After filing the motion, Bass Pro was voluntarily dismissed. L&L, however, adopted Bass Pro's Motion to Transfer Venue.

Hayes alleges a variety of claims against Defendants stemming from the untimely death of her husband by asphyxiation while allegedly using an Ol'Man Tree Stand. Ol'Man Tree Stands are manufactured by L&L and distributed by Bass Pro. On November 18, 2002, Mr. Hayes was deer hunting in Johnson County, Illinois, when the chest harness on his Ol'Man Tree Stand allegedly slid up and around his neck and



asphyxiated him. The Johnson County Coroner performed an inquest into the manner of his death.

Hayes contends that L&L is negligent and strictly liable because it: (1) manufactured a defective product (the Ol'Man Tree Stand); and (2) breached an implied and expressed warranty. The present motion is before the Court at L&L's request to transfer venue pursuant to 28 U.S.C. § 1404 (a), to the United States District Court for the Southern District of Illinois.

## ANALYSIS

Section 1404(a) allows a district court to transfer any civil action to any other district or division where it may be brought "for the convenience of the parties and witnesses, [and] in the interest of justice." The burden is on the movant to establish that: (1) venue would be proper in both the transferor and transferee court; (2) the transfer will serve the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Int'l Molding Mach. Co. v. St. Louis Conveyor Co., No. 01 C 8305, 2002 U.S. Dist. LEXIS 14790, at *17 (N.D. Ill. Aug. 9, 2002). Here, the parties agree that venue is proper in both districts, thus, the Court will focus only on the second and third prongs.

### I.   Convenience of Parties and Witnesses

The convenience of the witnesses and the parties is the most important section 1404(a) factor. See Dunn v. Soo Line R.R., 864 F. Supp. 64, 65 (N.D. Ill. 1994). When evaluating this factor, courts consider: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. Houck v. Trans World Airlines, Inc., 947 F. Supp. 373, 375 (N.D. Ill. 1996). Transfer is only proper when the movant demonstrates that the transferee forum is more convenient. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). Thus, the parties must specifically identify the witnesses they intend to call, as well as the general content of the witnesses' proposed

testimony. See Mattson v. Gerry Wood Products Co., No. 95 C 2314, 1997 U.S. Dist. LEXIS 3497, at *1 (N.D. Ill. Mar. 31, 1997).

Although the plaintiff's choice of forum is entitled to substantial weight, especially if it is the plaintiff's home forum, in a case where all other factors weigh heavily in the favor of transfer, this sole factor will not be controlling. United Airlines, Inc. v. Mesa Airlines, Inc., 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Furthermore, a plaintiff's choice of forum is given less weight where the incident from which the suit arose and most of the relevant witnesses and evidence are located in the transferee jurisdiction. Diaz v. Indiana Harbor Belt R.R., 99 C 2247, 1999 U.S. Dist. LEXIS 16824, at *8 (N.D. Ill. Oct. 19, 1999). Here, Mrs. Hayes chose to file suit in the Northern District of Illinois, where she resides. However, the accident and much of the evidence, which gave rise to this suit occurred in the Southern District of Illinois, thus Hayes' choice of forum is given less weight when considering whether to grant the transfer.

The availability of evidence and the ease of access to proof would also be better served in the Southern District of Illinois. Federal Rule of Civil Procedure 45 limits the service of a trial subpoena to a one-hundred mile radius of the federal courthouse at which the potential witness may testify. Fed. R. Civ. Pro. 45(c)(3)(A)(ii). Although L&L does not specifically identify any unwilling witnesses who may have to be subpoenaed to attend trial, it is undisputed by both parties that the majority of the witnesses live in the Southern District of Illinois or live over 200 miles closer to the Southern District than the Northern District. L&L has identified seven witnesses who live in the Southern District that are all crucial witnesses to the case. These witnesses include: the deputy who responded to the call reporting Mr. Hayes missing; the conservation officer who participated in the search and examined the scene of the accident; the owner of the farm next to where Mr. Hayes was found as well as the person who reported him missing; the owner of the farm on which the accident occurred; the county coroner and; the assistant county coroner. Additionally, L&L has also identified three witnesses who performed

various roles in the autopsy who reside in the Southern District of Indiana which is over 200 miles closer to the Southern District of Illinois courthouse.

Likewise, Hayes contends that she has 10 trial witnesses. The witness, who took and retained possession of the harness and strap the decedent was using at the time of the accident, lives in the Southern District of Illinois. Additionally, the physician who conducted the autopsy lives in the Southern District of Illinois, as mentioned above, which is over 200 miles closer to the Southern District courthouse. Mrs. Hayes herself lives in the Northern District as well as seven witnesses she has identified as being "crucial" to trial. These seven individuals include family members and coworkers of the decedent and are not, in the Court's opinion, as "crucial" in resolution of the case as the pathologists, physicians and police personnel who responded to the call. Additionally, these witnesses are either family members or friends of Hayes and therefore are less likely to require subpoena in order to appear at trial.

Accordingly, the Court finds that because most third-party witnesses identified by the parties either reside in or close to the Southern District if Illinois, trial in that district would allow greater availability of compulsory process for the attendance at trial of unwilling witnesses.

With respect to the physical evidence, because the situs of material events was in the Southern District of Illinois, most of the sources of proof in this case are located there or closer to there than the Northern District of Illinois courthouse. For example, assumedly evidence that impacts on the design and manufacture of the product in question would be located at the principal place of business of L&L, over 200 miles closer to the Southern District of Illinois courthouse.

Consequently, after weighing all these interests, the Court concludes that the convenience of the parties and witnesses dictates transfer to the Southern District of Illinois.

## II.     Interests of Justice

The section 1404(a) interests of justice inquiry revolves around judicial economy, not the private interests of the litigants or witnesses. Koos, Inc. v. Performance Industries Inc., 747 F. Supp. 487, 491 (N.D. Ill. 1990). This inquiry focuses on: (1) the forum's relationship with the cause of action; (2) the court's familiarity with the applicable law; and (3) the congestion of the respective court dockets and the prospects of earlier trial. Carter v. Clark Material Handling Co., No. 97 C 4424, 1998 WL 89244, at *3 (N.D. Ill. Feb. 17, 1998), citing Hughes v. Cargill, Inc., No. 94 C 1072, 1994 WL 142994, at *2 (N.D. Ill. Apr. 14, 1994).

Here, the Southern District of Illinois has a stronger relationship to the cause of action than the Northern District. Although, Mrs. Hayes resides in and the Ol'Man Tree Stand was purchased in the Northern District, the accident and the investigation took place in the Southern District. The administration of justice is better served when, "the action is litigated in the forum that is 'closer to the action.'" Carillo v. Darden, 992 F. Supp. 1024, 1026 (N.D. Ill. 1998). Moreover, it is desirable to allow citizens of the Southern District resolve this controversy which occurred in their backyard and involved many of its citizens. Id.

With regard to the respective congestion of the court dockets and an earlier prospective for a trial, the Court finds the Southern District better meets the interests of justice. The website of the Administrative Office of the United States Courts shows that the average case is disposed of two times faster in the Southern District of Illinois and goes to trial almost one and one-half times faster. Additionally, the record shows that in 2002, 10,096 civil cases were filed in the Northern District compared to 2,985 civil cases filed in the Southern District. Moreover, the median period of time from filling to trial was twenty-six months in the Northern District versus eighteen months from filing to trial in the Southern District.

Therefore, this Court finds that the interest of justice would be better served if this

action is transferred to the Southern District of Illinois.

## CONCLUSION

For the foregoing reasons, the defendant L&L's Motion to Transfer Venue [6-2] is hereby GRANTED, and this action is transferred to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1404(a).

ENTER:

Blanche M. Manning
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 9-18-03